In re Fleming's Petition.

An order made in a proceeding pursuant to chap. 211, laws of 1859, directing an
    election to be held for directors of a railroad company, is an order affecting a
    substantial right, and made in a special proceeding, within the meaning of sec.
    10, chap. 264, laws of 1860, and is appealable.
It is clearly competent for the legislature to vest in the courts the power of mak-
    ing an order directing the election of directors of a railroad company ; and it is
    a substitute for the power of compelling an election by *mandamus*, which might
    be done without this statute.
The power exercised in such a proceeding, is of such a character as to come within
    the general scope of the law relating to appeals in judicial proceedings.
Where the case presented by the petition, in a special proceeding, comes within the
    provision of the statute, and nothing is shown by the record on appeal, on the
    other side, the order of the court below must be affirmed.

APPEAL from the Circuit Court for *Milwaukee* County.

On the 28th day of December, 1861, *Alexander Fleming* filed in the office of the clerk of the circuit court for the county of Milwaukee his petition, duly verified, praying that a meeting of the stockholders of the Milwaukee and Minnesota railroad company, for the election of directors of said company, might be ordered according to law, for the neglect of the directors of said company to call and hold such meeting for the space of two years in succession; which petition sets forth, in substance, that the La Crosse & Milwaukee railroad company, a corporation created by and existing under the laws of the state of Wisconsin, on the 21st day of June, 1858, to secure the payment of two millions of dollars in the bonds of said company, which said company was then about to issue, sell and dispose of, and which said company thereafter did sell and dispose of to a very large amount to *bona fide* purchasers and creditors of said company; made, executed and delivered to William Barnes, as trustee, its, said company's, mortgage or deed of trust, according to law, by which said company mortgaged to said Barnes, trustee, for the purpose aforesaid, all and singular the railroad of said company, commencing in the city of Milwaukee and running from thence to La Crosse, a part of which had been constructed, and was then in full operation, and the residue was then in process of construction, and all and singular the rights, liberties, privileges and franchises of said railroad to La Crosse, together with other property and things in said mortgage described, which mortgage was duly recorded; that on the 11th day of August, 1858, the said company executed and delivered to said Barnes, as trustee, another deed of trust or supplementary mortgage, reciting and affirming the terms and conditions of the first mortgage, conveying for the purpose aforesaid, all the rights, privileges, liberties and franchises of said company, and all lands granted or intended to be granted to said company, under the act of congress and under the act of the legislature of the state of Wisconsin therein

mentioned, and all the notes, accounts, bonds, choses in action, &c., owned by said company, and that such supplementary mortgage or deed of trust was duly recorded. That the company made default in the payment of part of the interest due on said bonds, and that a foreclosure and sale by virtue of said mortgages took place on the 21st day of May, 1859, and that said Barnes became the purchaser and owner of said property and franchises, and held the same thereafter in trust for the holders of the outstanding bonds secured by said mortgage. That on the 28th day of February, 1859, the said bondholders proceeded to organize anew, and elected Russell Sage, N. J. Emmons, Wm. E. Smith, W. B. Gilbert, Hans Crocker, L. A. Battershall, William Gould, Wm. R. Sill and Lemuel W. Weeks directors, and took the corporate name of " Milwaukee & Minnesota railroad company," and thereafter proceeded and conducted their business under and in pursuance of the charter of the said La Crosse & Milwaukee railroad company, and thereby became, and ever since have continued to be, a corporation under and by virtue of the laws of Wisconsin, and that said Milwaukee & Minnesota railroad company immediately entered into the possession of said property and franchises of said La Crosse & Milwaukee railroad company. That said directors organized by electing Russell Sage president, and Dwight W. Keyes, secretary, and that N. J. Emmons is vice president of said company, and that said Sage, Emmons, Asahel Finch, N. Alfred Noxon, Wm. B. Gilbert, Lemuel W. Weeks, Wm. R. Sill, Wm. E. Smith and Charles Stanford then constituted the board of directors of said Milwaukee & Minnesota railroad company. The said petitioner also alleged that the said directors of the last named company, had neglected to call and hold an annual, or any other meeting of the stockholders of said company for the space of two years in succession, for the election of directors thereof, and that he then was a stockholder, and the owner and holder of a part of the capital stock of said company, and that the principal office and place

of business of said company then was, and ever had been, in the city of Milwaukee, in said state. Upon the filing of said petition, an order was made by the court directing the petition to be heard and determined before the court on the 6th day of January, 1862, and that notice of the filing of said petition and of said hearing, be given by service of a copy of said order and said petition upon N. J. Emmons, vice president of said company, or upon Asahel Finch, director of said company, or upon Dwight W. Keyes, secretary thereof, within two days from the date of said order. On the 6th day of January, 1862, the hearing of said petition was, by order of the court, postponed until the 22d day of the same month, on which last named day the said petition was heard, and the court made an order, reciting that the same came on to be heard, and testimony having been taken in open court, and it having been made manifest that all the material facts alleged in said petition are true, and that the order of December 28th, 1861, had been served as directed ; ordering and declaring that a meeting of the stockholders of the Milwaukee & Minnesota railroad company should be held at the grand jury room in the court house, in the city and county of Milwaukee, on the second Monday of March, 1862, at ten o'clock in the forenoon of said day, to continue thereafter without adjournment until all stockholders authorized to vote, and offering to vote at such election should have voted, and that said election should continue at least until six o'clock in the afternoon of that day, and that the same should be held in conformity to law as to conducting said election and canvassing votes. It was also directed, that said order should be published in the Daily Wisconsin, a newspaper printed in the city of Milwaukee, and also, in the New York Times, a newspaper printed in the city of New York, at least once in each week for three successive weeks previous to the day on which said election was ordered to be held. From this final order, of Jan. 22d, 1862, the Milwaukee & Minnesota railroad company appealed to this court.

At the hearing in this court no brief or argument was submitted for the appellant.

*Emmons & Van Dyke*, for appellant. ·

*Mat. H. Carpenter*, for respondent.

1. This is not an appealable order. An appeal is a special remedy, unknown to the common law and depends upon statutory provisions. *King vs. Hanson*, 4 B. & Ald. 519 ; *Willis vs. Lewis*, 5 Iredell 14 ; *King vs. Skone*, 6 East, 513 ; *Schooner Const. vs. Woodworth*, 1 Scam. 511 ; *Bevins vs. Ramsay*, 11 How. 185 ; *Lowell vs. Spring*, 6 Mass. 397 ; *Weatherbee vs. Johnson*, 14 Mass. 420 ; *Com. vs. Messenger*, 4 Mass. 469 ; *Bowers vs. Gorham*, 13 Conn. 530. 2. The legislature did not intend there should be an appeal from such an order since, 1st, No mention whatever is made of an appeal. 2d. An appeal would always defeat the object of the order, as the day for the election must be fixed by the court in the order, and an appeal with its indefinite delay prevents an election. 3d. It is a special authority or jurisdiction, outside of the ordinary proceeding by action known to the common law, and no appeal lies, unless it be expressly given by the act conferring it. *Willis vs. Willis*, 7 Gill. 302 ; *Hay vs. Hites*, 11 Ohio 254 ; *Wilmington R. R. Co., vs. Candon*, 8 Gill. & Johns., 443 ; *Crockett vs. Parke*, 7 Gill. 237 ; *Savaye Manuf. Co., vs. Owing*, 3 Gill. 497 ; *Steinbarger vs. Steinbarger*, 19 Ohio 106. 3. This is not such a special proceeding as is known to the code, so as to be appealable under chap. 264, sec. 10, Laws 1860. The authority conferred by the act in question (chap. 211, Laws 1859) is not judicial in its character and might as well have been conferred upon the Governor, the Secretary of state or any other officer or person. If this is a " special proceeding " yet to be appealable, the order must affect some substantial right, injuriously. The Railroad Company is not aggrieved by the order, and none but an aggrieved party can appeal. *Foster vs. Prince*, 8 Abb. 407 ; *Steele vs. White*, 2 Paige 478 ; *Idley vs. Bowen*, 11 Wend. 227 ; *Cuyler vs. Moreland*, 6 Paige 273 ;

*Howe vs. Van Schaick,* 7 Paige 221; *Card vs. Bird,* 10 Paige 426. 4. If the order is appealable it must be affirmed, as no exceptions are taken or case made, upon which the finding of the court below can be reviewed, and no errors are apparent upon the record.

*By the Court,* PAINE, J. This is an appeal from an order of the circuit court, directing an election to be held for Directors of the Milwaukee and Minnesota railroad company. The order was made in pursuance of chap. 211, Laws of 1859, authorizing such an order, on the petition of any stockholder, where it is found after due notice and hearing, that the directors have neglected or refused for the space of two years to call and hold such election.

The case was not argued orally, and the appellant's counsel have furnished us no brief. The respondent contends that the order is not appealable, upon the ground that the power conferred on the court or judge, by the chapter above mentioned, is not properly judicial in its character. And he claims that the appeal given by section 10, chapter 264, Laws 1860 "from a final order affecting a substantial right made in special proceedings" relates only to special proceedings of a purely judicial character. We were at first inclined to adopt this view, but upon further examination have come to the conclusion that an application of this kind, must be deemed to be a special proceeding within the meaning of the law of appeals. The relief furnished is certainly of a remedy for a right of the stockholders. It is a remedy furnished by a court of justice. It must therefore be either an action or a special proceeding. And as it is not claimed to be the former, it must be the latter. Sections 1, 2, 3, chap. 122, R. S. *N. Y. Central R. R. Co., vs. Marvin,* 1 Kern. 227; *Cooper's application,* 22 N. Y. 86.

The reasoning in the case last cited, would sustain the position that the power here conferred must be deemed a judicial power, if that is essential to the appeal, from the mere fact

that the statute has conferred it upon a court, although it was not so inherently judicial in its character, that it might not as well have been conferred upon any other department of the government.   Several of the ablest judges dissented, and whether the proposition thus broadly stated, could be sustained in all cases, may perhaps admit of doubt.   But the power in this case is clearly such as it was competent for the legislature to vest in a court. It seems to be a substitute for the power of compelling an election by *mandāmus*, which might be done without this statute.   Ang. & Ames, on corp. § 700.   We are satisfied therefore, that the power here exercised, must be deemed of such a character as to come within the general scope of the law relating to appeals in judicial proceedings.

Such an order must be held also to affect a substantial right. If the directors had duly called an election, and officers had been properly elected, according to the requirements of the law, it would lead to great doubt and confusion if another election should be called and held.   If the right of a stockholder to have an election is so subtantial that the law will furnish him the means of compelling it, the rights of the other stockholders to the benefit of an election duly held, if they can show such to have been the case, must be substantial enough to sustain the right to appeal.

Holding the order appealable there is nothing justifying its reversal.   The case presented by the petition comes fully within the provision of the statute and nothing is shown on the other side.   The order is affirmed, with costs.